FILED by _____ D.C.
INTAKE
DEC 1 1 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT
S.D. OF FLA. MIAMI

# IN THE UNITED STATES DISTRICTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

PETER SUMICHRAST,

    Plaintiff,

v.

TAREK KIRSCHEN and KIRSCHEN INC., doing business as Autohaus Miami,

    Defendants.

Case No. **09-23687**

**JURY TRIAL DEMANDED**

CIV-UNGARO  MAGISTRATE JUDGE
SIMONTON

## COMPLAINT

Plaintiff Peter Sumichrast, by and through his undersigned counsel, submits this Complaint against Defendants Tarek Kirschen and Kirschen Inc.  As his Complaint, Plaintiff asserts and alleges as follows:

### Parties and Jurisdiction

1. Plaintiff is a natural person and resident and citizen of Slovakia

2. Defendant Tarek Kirschen is a natural person and a resident and domicile of the State of State of Florida.

3. Defendant Kirschen, Inc. is a Florida corporation operated by Tarek Kirschen in Miami, Florida.  Defendant Kirschen, Inc . does business under the name Autohaus Miami.

4. The amount at issue in this case exclusive of attorneys' fees and costs is $187,797.00.  Subject matter jurisdiction therefore is proper under 28 U.S.C. § 1332 as this an action for in excess of $75,000.00 between a citizen of a foreign state and citizens of Florida.

5. Venue is proper in this District because the events at issue took part largely in Miami-Dade County.

## Factual Allegations

### A. Defendant's Misappropriate Defendants Money

6. Defendants represented themselves as a sellers and exporters of specialty sports cars. Defendants advertised an inventory of vehicles for sale on a website: http://www.autohausmiami.com.

7. Plaintiff responded to a vehicle advertised for sale on the website http://www.autohausmiami.com. Defendant Tarek Kirschen dealt with Plaintiff about the vehicle.

8. Defendant Tarek Kirschen told Plaintiff that Plaintiff had to wire over $60,000.00 to a Miami bank account to purchase the vehicle, a particular Ford Mustang.

9. Plaintiff complied with Defendant Tarek Kirschen's instructions and wired $62,599.00 to Defendants' Citigroup account, account number 329 017 9845.

10. After Plaintiff wired the funds, Defendants revealed that they did not have and never had the Ford Mustang, which that they advertised for sale and which they represented to Plaintiff he was purchasing.

### B. Plaintiff Provides Statutory Notice and Defendant Fails to Return the Funds

11. Once it was revealed that Defendants did not have the Mustang, Plaintiff demanded return of his money or a comparable replacement vehicle. Defendants provided neither.

12. On September 17, 2009, Plaintiff's counsel wrote to Defendants' and made written demand for the funds pursuant to Florida's Civil Theft Statute, Fla. Stat. § 772.11(1). Attached hereto as Exhibit A is a copy of the demand.

13. Defendants failed to respond to the Fla. Stat. § 772.11(1) within thirty days. Plaintiff is therefore entitled to treble damages in the amount of $187,797.00.

## Causes of Action

### Count I (Civil Theft)

14. Plaintiff incorporates by reference paragraphs 1-through--13 above, as if alleged in this Count.

15. Under false pretenses, Defendants obtained from Plaintiff $62,599.00.

16. Defendants intentionally misrepresented facts and mislead Plaintiff to obtain the $62,599.00.

17. Defendants have no right to the $62,599.00 the obtained from Plaintiff under false pretenses.

18. Defendants are wrongfully denying Plaintiff access to and use of the $62,599.00.

19. By letter dated September 7, 2009, Plaintiff made written demand pursuant to Fla. Stat. § 772.11(1) that Defendants return the $62,599.00. Defendants have refused to comply with that demand.

20. Plaintiff is being injured by Defendants wrongful possession of his $62,599.00.

### Count II (Unjust Enrichment)

21. Plaintiff incorporates by reference paragraphs 1-through--13 above, as if alleged in this Count.

22. Plaintiff has bestowed a benefit upon Defendants by wiring them $62,599.00.

23. Defendants are not entitled to the benefit that Plaintiff bestowed upon them. In fact, it would be unjust for Defendants to retain the $62,599.00.

24. Plaintiff is being injured by Defendants unjust enrichment because he is being denied access and use of the $62,599.00.

## Prayer for Relief

**WHEREFORE**, Plaintiff requests that after a trial on the merits, the Court award her:

A. A judgment awarding Plaintiff treble damages in the amount of $187,797.00. for Defendants violation of the civil theft statute;

B. A judgment awarding Plaintiff his attorney's fees and costs incurred in prosecuting this action; and

C. Such other relief that that Court deems proper.

## Jury Demand

Plaintiff Demands a jury trial on all issues to which he is so entitled.

Respectfully submitted this 10th day of December 2009.

_____
Paul Kunz
Fla. Bar. # 0159492
BANDER & ASSOCIATES, P.A.
444 Brickell Avenue, Ste. 300
Miami, FL 33131
Phone: (305) 358.5800
Fax: (305) 374-6593

## LAW OFFICES OF

**BANDER & ASSOCIATES, P.A.**
*AN IMMIGRATION LAW PRACTICE*

MICHAEL A. BANDER, ESQ.
STEPHEN M. BANDER, ESQ.
PAUL B. KUNZ, ESQ.

September 17, 2009

**Via Certified Mail**
Tarek Kirschen
Autohaus Miami
3899 Bird Road
Miami, Florida 33146

      Re:   *Peter Sumichrast*

Dear Mr. Kirschen:

      I have been retained by Peter Sumichrast in connection with the $62,599.00 that you directed him to wire to Citigroup account number 329 017 9845. The purposes of this letter are (i) to seek to resolve this dispute without litigation and (ii) to provide you and Autohaus the written demand required by Fla. Stat. § 772.11(1).

      You represented that transfer of the $62,599.00 would secure the purchase and shipment of a Ford Mustang that you had for sale. Mr. Sumichrast transferred the funds to your designated account on June 24, 2009. Since that time, he has repeatedly requested that you deliver the vehicle. You, however, have delivered only excuses, and you were unable to produce even the VIN number of the vehicle. At this point, it is apparent that neither you nor Autohaus owned the vehicle that you purported to sell to Mr. Sumichrast.

      Your conduct in obtaining the $62,599.00 under false pretenses constitutes civil theft under Florida law. Under the Florida Civil Theft Statute, Fla. Stat. § 772 *et seq.*, the aggrieved party is entitled to recover three times the amount fraudulently obtained. Therefore, this is written demand pursuant to Fla. Stat. § 772.11(1) for the return within 30 days of three times the $62,599.00 that you and Autohaus fraudulently obtained from Mr. Sumichrast – *i.e.*, $187,797.00.

      If we are forced to litigate this matter, Mr. Sumichrast will be entitled to recover treble damages of $187,797.00, plus attorney's fees and costs. Mr. Sumichrast is, however, willing to resolve this matter now without litigation for the simple return of the money he transferred at your direction.

      If you wish to resolve this matter without litigation, you may contact me to arrange the

EX. A

## LAW OFFICES OF

**BANDER & ASSOCIATES, P.A.**
*AN IMMIGRATION LAW PRACTICE*

MICHAEL A. BANDER, ESQ.
STEPHEN M. BANDER, ESQ.
PAUL B. KUNZ, ESQ.

return of the $62,599.00. If this matter is not resolved within 30 days, we will move forward with litigation for the treble damages.

    Govern yourself accordingly.

Sincerely,

*[signature]*

Paul Kunz

- 2 -

**JS 44** (Rev. 2/08)

# CIVIL COVER SHEET 09-23687

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
Peter Sumichrast

**DEFENDANTS**
Tarek Kirschen and Kirschen, Inc.

(b) County of Residence of First Listed Plaintiff: resides in Europe
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Paul Kunz, Bander & Associates
444 Brickell Ave., Ste. 300
Miami, FL. 33131, (305) 358-5800

**CIV-UNGARO**
**MAGISTRATE JUDGE SIMONTON**

Attorneys (If Known)

FILED by ____ D.C.
INTAKE
DEC 11 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

(d) Check County Where Action Arose: ✓ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST.LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
✓ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ✓ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ✓ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ✓ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
✓ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ✓ NO
b) Related Cases ☐ YES ✓ NO
JUDGE _____ DOCKET NUMBER _____

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
Civil Theft, Fla. Stat. 772.11; Unjust Enrichment

LENGTH OF TRIAL via __1__ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** 187,797.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ✓ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD
_[signature]_

DATE
December 10, 2009

FOR OFFICE USE ONLY
AMOUNT $350.00 RECEIPT # 101339
12/11/09